IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAMEL ANDERSON, | : | CIVIL ACTION |
| | : | NO. 17-1028 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL OVERMEYER, et al., | : | |
| | : | |
| Respondents. | : | |

## **O R D E R**

**AND NOW**, this **11th** day of **October, 2018,** upon consideration of the Petition for a Writ of Habeas Corpus (ECF No. 3), Petitioner's Application for Stay in Abeyance (ECF No. 1), Respondents' Motion to Stay and Hold These Habeas Proceedings in Abeyance (ECF No. 11), Petitioner's Memorandum of Law in Support of Habeas Corpus (ECF No. 14), the Report and Recommendation of United States Magistrate Judge Marilyn Heffley (ECF No. 15), and Petitioner's objections thereto (ECF No. 17), it is hereby **ORDERED** as follows:

1. Petitioner's Application for Stay in Abeyance (ECF No. 1) is **DENIED**.

2. Respondents' Motion to Stay and Hold These Habeas Proceedings in Abeyance (ECF No. 11) is **DENIED**.

3. Petitioner's objection to the Report and Recommendation (ECF No. 17) is **SUSTAINED**.[1]

4. The Report and Recommendation (ECF No. 15) is **APPROVED** and **ADOPTED**.[2]

---

[1] Petitioner objects to the Commonwealth's contention that the brief he filed in the Pennsylvania Superior Court pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541-9546 was untimely. According to Petitioner, although the brief was due on October 18, 2017, and the court received it on October 19, 2017, the brief was timely under the prisoner mailbox rule. The Government has not responded to Petitioner's objection. Given that the date that Petitioner filed his brief in the Superior Court has no bearing on the Court's determination of the issues raised in the Petition, the Court will assume for purposes of this petition that Petitioner's assertion regarding the date that he mailed his brief is accurate.

[2] A district court may refer an application for a writ of habeas corpus to a United States magistrate judge for a report and recommendation ("R&R"). See Rules Governing § 2254 Cases, R. 10 ("A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636."). A prisoner may object to the magistrate judge's R&R within fourteen days after being served with a copy thereof. See 28 U.S.C. § 636(b)(1). The district court does not, however, review objections that are generalized. See Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011) ("We have provided that § 636(b)(1) requires district courts to review such objections de novo unless the objection is 'not timely or not specific.'") (quoting Goney v. Clark, 749 F.2d 5, 6–7 (3d Cir. 1984)). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

On habeas review, a federal court must determine whether the state court's adjudication of the claims raised was (1) contrary to, or an unreasonable application of, clearly established federal law, or (2) based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). A state court decision is "contrary to" established precedent when the state court

"applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a different result from [Supreme Court] precedent." Lockyer v. Andrade, 538 U.S. 63, 73 (2003) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). A state court decision involves an "unreasonable" application of established precedent when the "state court identifies the correct governing legal principle . . . but unreasonably applies [it] to the facts of the prisoner's case." Id. at 75 (quoting Williams, 529 U.S. at 413).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"), on habeas review, a federal court must presume that factual findings of state trial and appellate courts are correct. Stevens v. Del. Corr. Ctr., 295 F.3d 361, 368 (3d Cir. 2002). A petitioner may only overcome this presumption on the basis of clear and convincing evidence to the contrary. Burt v. Titlow, 571 U.S. 12, 18 (2013). "AEDPA requires a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." Id. at 20 (quoting Harrington v. Richter, 562 U.S. 86, 103 (2011)).

A habeas petitioner must "exhaust [] the remedies available in the courts of the State" before obtaining habeas relief. 28 U.S.C. § 2254(b)(1)(A). If the state courts have declined to review the merits of a petitioner's claim based on his failure to comply with a state rule of procedure, the claim is procedurally defaulted. See Harris v. Reed, 489 U.S. 255, 262-63 (1989). Although "[a] habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion[, as] there are no state remedies any longer 'available' to him," Coleman v. Thompson, 501 U.S. 722, 732 (1991), procedurally defaulted claims cannot be reviewed unless "the [petitioner] can show cause for the default and actual prejudice [as a result of the alleged violation of federal law], or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." Id. at 749–50 (internal citations omitted).

A court is to construe a prisoner's pro se pleading liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and a "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted); see also Higgs v. Att'y. Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011) ("[W]hen presented with a pro se litigant, we 'have a special obligation to construe his complaint liberally.'" (quoting United States v. Miller, 197 F.3d 644, 648 (3d

3

5. The Petition for a Writ of Habeas Corpus (ECF No. 3) is **DENIED** and **DISMISSED with prejudice.**

6. A certificate of appealability shall **NOT** issue.

7. The Clerk of Court shall mark this case as **CLOSED.**

**AND IT IS SO ORDERED.**

                    **/s/ Eduardo C. Robreno**
                    **EDUARDO C. ROBRENO, J.**

---

Cir. 1999))); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

Although Petitioner has not objected to the R&R's legal reasoning, the Court has reviewed the R&R de novo and has concluded that Petitioner's claim was untimely in both the PCRA court and this Court.